UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO. 3:21-CR-114 |
| v. ) | |
| ) | JUDGE VARLAN |
| BRYCE ALLEN AXLINE ) | |

**AMENDED PLEA AGREEMENT**

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Bryce Allen Axline, and the defendant's attorney, Nakeisha C. Jackson, have agreed upon the following:

1. The defendant will plead guilty to the following counts in the indictment:

a) **COUNT ONE**, Vehicular Homicide, in violation of Tennessee Code Annotated § 39-13-213 and 18 U.S.C. §§ 13 and 7(3).

Pursuant to 18 U.S.C. § 7(3) [13 ATC MT BM handwritten], the defendant is "subject to a like punishment" under the penalties stated in T.C.A. §§ 40-35-111-12, which are: a term of imprisonment of not less than eight (8) years but not more than twelve (12) years and a fine of up to twenty-five thousand dollars ($25,000), in addition to a term of supervised release of up to three years and any applicable restitution as provided by federal law.

b) **COUNT TWO**, Vehicular Assault, in violation of T.C.A. § 39-13-106 and 18 U.S.C. §§ 13 and 7(3).

Pursuant to 18 U.S.C. § 7(3) [13 ATC. MJ BA handwritten], the defendant is "subject to a like punishment" under the penalties stated in T.C.A. §§ 40-35-111-12, which are: a term of imprisonment of not less than two

1

(2) years but not more than four (4) years and a fine of up to five thousand dollars ($5,000), in addition to a term of supervised release of up to one year and any applicable restitution as provided by federal law.

2. In consideration of the defendant's guilty plea, the United States agrees to move at the time of sentencing to dismiss the remaining counts against the defendant in this indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. Specifically, the elements of the offense are as follows:

   a) **COUNT ONE**: (1) The defendant killed the alleged victim, E.P., by the operation of a motor vehicle; (2) the defendant acted recklessly; and (3) the killing was the proximate result of intoxication or conduct creating a substantial risk of death or serious bodily injury to a person.

   b) **COUNT TWO**: (1) The defendant caused serious bodily injury to the alleged victim, S.Y., by the operation of a motor vehicle; (2) the serious bodily injury was the proximate result of the defendant's intoxication; and (3) the defendant acted recklessly.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offenses elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

   a) On or about June 7, 2021, at approximately 11:40 p.m., the defendant crashed his motor vehicle by running off the road and striking an embankment while driving on the Spur within the Great Smoky Mountains National Park (GSMNP), a place within the special maritime and

territorial jurisdiction of the United States. The defendant and his two female passengers, E.P. and S.Y., were all transported to the hospital to receive medical care. Multiple containers of opened and closed Twisted Tea alcohol beverages were located inside the vehicle.

      b)    E.P. was pronounced deceased after arriving at the LeConte Medical Center. S.Y. was transported to the University of Tennessee Medical Center and underwent numerous surgeries for serious bodily injuries that she sustained, from which she is still recovering.

      c)    During the defendant's treatment at the hospital, a blood sample was collected, which later revealed that the defendant's Blood Alcohol Concentration level was between 0.065 and 0.081, which exceeded the 0.02 *per se* intoxication level of someone between the ages of 18 and 21 years of age. The defendant and the female passengers were all 19 years of age when the crash occurred. E.P.'s death and S.Y.'s serious bodily injuries were the proximate result of the defendant's intoxication.

      d)    On or about June 10, 2021, Special Agent Curtis Stone with the National Park Service retrieve the crashed vehicle's Airbag Control Module (ACM) so that an expert with the Tennessee Highway Patrol could extract the data captured by the Module when the crash occurred. The data showed that the vehicle was fully accelerated at 100 percent five seconds before the crash and was traveling 90 mph on the Spur, which has a maximum speed limit of 45 miles per hour. The defendant's driving was reckless and created a substantial risk of death or serious bodily injury to others.

5.    The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

      a)    the right to plead not guilty;

      b)     the right to a speedy and public trial by jury;

      c)     the right to assistance of counsel at trial;

      d)     the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

      e)     the right to confront and cross-examine witnesses against the defendant;

      f)     the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

      g)     the right not to testify and to have that choice not used against the defendant.

6.     The parties agree that the appropriate disposition of this case would be the following as to each count:

      a)     The Court may impose any lawful term of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum;

      b)     The Court will impose special assessment fees as required by law; and

      c)     The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea. The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing

determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victims of any offense charged in this case (including dismissed counts); and (2) the victims of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's *charged* offense(s).

10. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution

amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

   a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

   b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

   c) If so requested by the United States, the defendant will promptly execute

authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11.     The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a)      The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b)      The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c)      The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974,

5 U.S.C. Section 552a.

12. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty pleas as agreed herein, moving to withdraw guilty pleas after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty pleas in this case.

13. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

14. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between

the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

7/21/22
Date

By: /s/ Latoyia T. Carpenter
LATOYIA T. CARPENTER
Assistant United States Attorney

21 July 2022
Date

/s/ Bryce A. Axline
BRYCE ALLEN AXLINE
Defendant    electronic signature
              with permission.

21 July 2022
Date

Nakeisha C. Jackson
NAKEISHA C. JACKSON
Attorney for the Defendant

9